Danieu, Judge.-
 

 After stating the case proceeded as follows : — If the instrument declared on in the first count, had originally been the bond of
 
 Murphey,
 
 and ho had, with the consent of the plaintiff, taken off the seal, and then delivered the writing as a promissory note to pay a partnership debt, with the name of tbe firm signed to it, we can see no reason why it should not be good in law to bind all the partners of the firm. There is no evidence to shew that the plaintiff took the sole bond of
 
 Murphey
 
 in payment of, or as a complete discharge of the debt due from the firm — tbe. circumstance of the name of the firm having been originally signed to the paper, negatives any inference that the plaintiff meant to look to-
 
 Murphey
 
 alone, for the payment of the debt. Whether the instrument is in the form of a deed, is certainly a question of law, and must be decided by the court. Usually the court can determine by inspection, whether the instrument be, or be not a deed; but if it be whether that which hath the resemblance of a . seal, be in truth such, or whether the seal has been destroyed, or if destroyed, whether sqch destruction- was
 
 *462
 
 designed or accidental, the judgment of the court must tiien depend on facts not discernible by inspection, and' ’of course these facts must be found by the proper tribu-Inal, the jury. Cancellation or destruction is an equivocal act, and depends on how much is done, and the
 
 quo animo
 
 with which it was done. There must be an act accompanied with an intention. If the intention be to destroy, and the whole act be done which was intended as an act of destruction, there is a cancellation or destruction, although a part of the thing remains. But if the act done, be not all that was intended to be done for that purpose, then is the attempted destruction wholly ineffectual.
 
 (Windsor v Pratt, 6 Eng. C. L. R.
 
 299,
 
 Den ex dem, Perkes
 
 v
 
 Perkes, 5 Ib. 353, Bibb
 
 v
 
 Thomas,
 
 2
 
 Black. Rep.
 
 1043.) The circumstance that the scrawl which surrounded the seal now appears untouched by the obliteration, did not in law prevent that act from being a destruction of the seal, and of course a cancellation of the bond of
 
 Murphey.
 
 Suppose in this case instead of a scrawl surrounding the word
 
 “seal,”
 
 there liad been a distinct impression of wax affixed to the paper as the seal of
 
 Murphey,
 
 and it had been agreed by him and the plaintiff, that the seal should bo torn away, and the paper re-delivered as a promissory note, and in the act of destroying the seal a minute portion of the wax had still adhered to the paper, can it be doubted that these facts being ascertained, the instrument would be declared no longer a deed ? We think that the judge acted correctly in refusing'to decide upon inspection, whether the instrument was a deed or not, and in leaving the evidence of the disputed facts connected with the alleged destruction of the seal to the jury, and in the instructions which he gave, respecting the operation of the law upon the facts, as the jury should find them to be. Tho jury found in favor of the plaintiff on both counts in tho declaration.
 

 The simple co*partnership is not morse<1
 
 h7
 
 the prctnekb°nd&
 

 It has been contended here, though not with much earnestness, that the simple contract arising upon
 
 the
 
 sale of the goods, had been merged in tho spe-malty which Imd been given by
 
 Murphey,
 
 and that the
 
 *463
 
 action of assumpsit could not now be maintained, and that the plaintiff should not have been permitted to recover 011 second count; The principle is certainly correct, that when a person indebted by simple contract gjveg a ]j0ni] |'ol. that debt, the simple contract is merged in the specialty, which is an instrument of higher dignity in the eye of the law. But it is
 
 perfectly
 
 settled that the giving of a bond by one copartner for a debt of the firm, does not extinguish the original debt as to any other copartner. The bond 'merges the simple contract °nly as to him whom it binds, and a partner cannot by deed bind others beside himself.
 
 (Spear
 
 v
 
 Gillett,
 
 1
 
 Dev.
 
 Eq.
 
 cases,
 
 466,
 
 Gow.
 
 76.) We therefore are of opinion that th,e judgment should be affirmed.
 

 The case of
 
 Spear v. GiUet,
 
 466,) approved.
 

 Pee, Cum am.' — Judgment aepirmed.